**Steven FRANKLIN, Petitioner-Appellant,**

v.

**State of NEW YORK, Respondent-Appellee.**

15-1884

United States Court of Appeals,
Second Circuit.

May 24, 2016

FOR APPELLANT: JOHN S. WALLENSTEIN, LAW OFFICE OF JOHN S. WALLENSTEIN, Garden City, New York.

FOR APPELLEE: JODI L. MANDEL (with Leonard Joblove and Anthea H. Bruffee on the brief) for Kenneth P. Thompson, District Attorney of Kings County, Brooklyn, New York.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Steven Franklin appeals from the judgment of the United States District Court for the Eastern District of New York (Weinstein, J.), dismissing his habeas corpus petition as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Franklin argues that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). "Equitable tolling applies only in the 'rare and exceptional circumstance[ ].' " Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (alteration in original) (quoting Turner v. Johnson, 177 F.3d 390, 391–92 (5th Cir. 1999)). No record evidence supports Franklin's assertion that an extraordinary circumstance prevented him from timely filing his petition; Franklin's contention that he suffered from mental illness is belied by his ability to draft, during the operative time period, a motion to vacate the judgment in state court, and diligently study for his GED exam.

For the foregoing reasons, and finding no merit in Franklin's other arguments, we hereby **AFFIRM** the judgment of the district court.